IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KELLI GLUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-1402-MLB |
| | ) |
| WESTERN PLAINS REGIONAL | ) |
| HOSPITAL, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Amend Complaint. (Doc. 17.) Defendant has responded in opposition (Doc. 19) and Plaintiff has replied (Doc. 20). After a careful review of the submissions of the parties, the Court is prepared to rule on Plaintiff's Motion.

## BACKGROUND

Plaintiff contends that Defendant subjected her to "discriminatory employment practices" as a result of her alleged disability, Reynaud's Syndrome. (Doc. 1, at 5, 6.) She filed her administrative complaint with the EEOC on February 16, 2007, receiving her Dismissal and Notice of Rights by letter dated

August 22, 2007. (*Id.*, at 6.)  She then filed her state court Petition on November 16, 2007.  (Doc. 1, at 4-10.)  Defendant removed the case to federal court on December 18, 2007 (*id.*, at 1), and answered on December 21, 2007, generally denying Plaintiff's allegations of discrimination.  (Doc. 7.)   The Court entered its Scheduling Order on February 2, 2008, which contained a March 4, 2008, deadline to amend the pleadings.  (Doc. 12, at 7.)

On March 3, 2008, prior to the Court's deadline, Plaintiff moved the Court for an Order allowing her to file an Amended Complaint.  (Doc. 17.)  Plaintiff's proposed Amended Complaint adds what she refers to as a claim for "professional negligence," but which the Court reads to be a cause of action for retaliation.  Specifically, Plaintiff alleges that Defendant "acted in a retaliatory manner toward the Plaintiff by compromising her ability to access quality medical care, which retaliation is due solely or in part to the fact that the Plaintiff is seeking remedies under the Americans With Disabilities Act." (Doc. 17-2, at ¶ 35.)

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).  A district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, ***Federal Practice and Procedure*** § 1487 at 642 (1990).  Leave to allow amendment is, however, within the court's sound discretion.  ***LeaseAmerica Corp. v. Eckel***, 710 F.2d 1470, 1473 (10th Cir. 1983).

In the matter before the Court,  Defendant argues that Plaintiff's proposed amendment is futile.  Thus, the Court must determine if the proposed Amended Complaint could withstand a motion to dismiss.  In light of the recent Supreme Court cases of  ***Bell Atlantic Corp. v. Twombly***, __ U.S. __, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) and ***Erickson v. Pardus***, __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), the Tenth Circuit has recently restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6).  ***Alvarado v. KOB-TV, L.L.C.,*** 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007).  The Court now

looks at what is described as a "plausibility" standard. *Id.* This Court has held that under this restated standard,

> The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to 'state a claim to relief that is plausible on its face,' *Bell Atlantic Corp. v. Twombly*, __ U.S. ___, ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S.Ct. at 1964-65. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir.2006). Viewed as such, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.' *Bell Atlantic*, 127 S.Ct. at 1965 (citations omitted). The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

**Raytheon Aircraft Co. v. U.S.**, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007). The burden is on Defendant to establish the futility of Plaintiff's proposed amendment. **Pekareck v. Sunbeam Products**., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

Defendant argues that the proposed amendment is futile for two reasons – because Plaintiff failed to exhaust her administrative remedies relating to her retaliation claim and because she did not allege any injury as a result of the claimed retaliation. (Doc. 19, at 1-2.) Plaintiff replies that she was not required to exhaust her administrative remedies regarding her retaliation claim. She argues that she is not alleging that "Defendant retaliated against her <u>as an employee</u>," but rather that the alleged retaliation "occurred after Defendant terminated the Plaintiff's employment and related to the Plaintiff's status as a patient . . ." (Doc. 20, at 1.) Plaintiff continues that an EEOC charge of retaliation would have "no basis" because the alleged retaliation "had nothing to do with the terms and/or conditions of the Plaintiff's employment." (*Id.*)

The Court cannot agree with Plaintiff's position. The Court is not familiar with, and neither party has cited, case law in which a health care provider was found liable for retaliating against a patient after that patient sought remedies against the healthcare provider under the ADA or similar federal anti-discrimination statutes. Further, in her proposed Amended Complaint, Plaintiff specifically alleges that Defendant "acted in a retaliatory manner toward the Plaintiff by compromising her ability to access quality medical care, **which retaliation is due solely or in part to the fact that the Plaintiff is seeking**

**remedies under the Americans With Disabilities Act**." (Doc. 17-2, at 7 (emphasis added).) The reason Plaintiff seeks remedy under the ADA is because of alleged employment discrimination. (*See generally* Doc. 17-2.) The retaliation, regardless of whether it is alleged to have occurred during or after the termination of Plaintiff's employment, is therefore a direct outgrowth of Plaintiff's employment with Defendant. *Cf.* ***Brooks v. City of San Mateo***, 229 F.3d 917, 928 (9th Cir. 2000) (holding that "dissemination of a negative employment reference" could be considered actionable retaliation in the context of a former employee who had sued for sexual harassment and retaliatory discrimination); ***Payne v. Apollo College – Portland, Inc***., 327 F.Supp.2d 1237, 1245 (D.Or. 2004). In ***Uriostegui v. Klinger Constructors Inc***., the Tenth Circuit held that a "bad employment reference" occurring after the termination of the plaintiff's employment "is a discrete incident of retaliatory treatment" from the allegedly discriminatory events that occurred during employment, thus necessitating a separate EEOC claim. 106 Fed.Appx. 8, at *10 (10th Cir. 2004). Given the lack of case law on point, the Court finds the present situation to be sufficiently analogous.

Here, Plaintiff claims that she was terminated because of her disability in violation of the ADA. She now requests leave to add a "professional negligence" claim alleging that Defendant subsequently retaliated against her – by

"compromising her ability to access quality medical care" after the termination of her employment – because she sought relief under the ADA.  The Court finds that regardless of whether these actions occurred during or after Plaintiff's employment, the actions constitute a claim for employment retaliation, not professional negligence.  Further, because the events as alleged occurred after the termination of Plaintiff's employment (Doc. 20, at 1), the events constitute a "discrete incident of retaliatory employment" requiring a supplemental or independent EEOC charge.  *See **Uriostegui***, 106 Fed.Appx. at *10.

The exhaustion of available administrative remedies is a jurisdictional prerequisite to brining a suit in federal court.  ***Davidson v. America Online, Inc***., 337 F.3d 1179, 1183 (10th Cir. 2003).  Based on the record, and even viewing all reasonable inferences from the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff failed to exhaust the necessary administrative remedies relating to her retaliation claim.  As a result, her amendment, as proposed, is futile and her motion is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint is **DENIED**.

Dated at Wichita, Kansas, on this 28th day of April, 2008.

    s/  Donald W. Bostwick
Donald W. Bostwick
United States Magistrate Judge